**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| United States of America for the Use of I&E Specialties, Inc., <br><br>          Plaintiff, <br><br>       v. <br><br> Bristol General Contractors, LLC and Liberty Mutual Insurance Company, <br><br>          Defendants. | 3:25-cv-01369-CMC <br><br> **COMPLAINT** <br> (Non-Jury) |

   Plaintiff, United States of America for the Use of I&E Specialties, Inc. ("I&E" or "Plaintiff") complaining of the Defendants, above-named, would respectfully show:

**<u>PARTIES AND JURISDICTION</u>**

   1.  This case arises from the nonpayment for materials Plaintiff furnished in connection with a project to construct the Mission Training Complex project at Shaw AFB in Sumter, SC, Project Number N6945020C0040 (the "Project").

   2.  I&E, the use Plaintiff herein, is a corporation organized and existing under the laws of the State of South Carolina.

   3.  Defendant Bristol General Contractors, LLC ("General Contractor") is a limited liability company organized under the laws of a state other than South Carolina that regularly transacts business in South Carolina.

   4.  Defendant Liberty Mutual Insurance Company ("Surety") is a fidelity and surety company organized and existing under the laws of a state other than South Carolina. Surety issued a payment bond on behalf of General Contractor for the Project, as required by federal law. A true and accurate copy of the payment bond is attached as **Exhibit A**.

5.     This action arises, and this Court has jurisdiction over this action, pursuant to the Miller Act, 40 U.S.C. §§ 3131, *et seq.*, as well as 28 U.S.C. §§ 1332 and 1367.

6.     Venue is proper in this Court because the project at issue was located in Sumter, South Carolina.

## FACTUAL ALLEGATIONS

7.     On or about July 2, 2020, General Contractor and the United States of America ("Owner") entered into the prime contract, Contract No. N6945020C0040, for the Project, in the amount of Twenty-Two Million, Nine Hundred Seventy-Four Thousand, Four Hundred Twelve and 0/100 ($22,974,412.00) Dollars.

8.     Pursuant to the terms of the prime contract, General Contractor, as principal, and Surety, as surety, executed and delivered to Owner the payment bond attached as Exhibit A conditioned, as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the prime contract.

9.     General Contractor subsequently entered a subcontract with I&E for a portion of work on the Project.

10.     I&E furnished labor, materials, and equipment for the performance of its work, all of which was used for the construction of the Project.

11.     To date, Bristol has failed to pay Plaintiff in full for the labor, materials, and equipment furnished to the Project.

12.     Plaintiff is currently owed $70,829.90, plus interest, attorney's fees and costs as provided by law.

13.     Plaintiff made proper demand in writing via e-mail and certified mail for the Defendants to pay the amount due and owing.

14.    Despite proper demand, the Defendants have failed and refused to pay the sums due and owing.

15.    Less than one year has passed since Plaintiff last furnished labor and materials to the Project.

16.    To date, Defendants have not made a fair investigation and continue to unreasonably refuse to pay Plaintiffs' claim.

17.    Accordingly, Plaintiff is entitled to judgment against the Defendants for $70,829.90, plus interest to date of at least $3,534.26 pursuant to the subcontract, plus such additional prejudgment interest, attorney's fees and costs as provided by law.

### FOR A FIRST CAUSE OF ACTION
**(Miller Act / Claim on Payment Bond)**

18.     Plaintiff repeats the allegations above to the extent required by, but not inconsistent with, the following.

19.    General Contractor and Surety executed a labor and material payment bond in the amount of Twenty-Two Million, Nine Hundred Seventy-Four Thousand, Four Hundred Twelve and 0/100 ($22,974,412.00) Dollars binding themselves jointly and severally to pay suppliers of first-tier subcontractors on the Project.

20.    The bond was issued pursuant to the Miller Act, 40 U.S.C. §§ 3131, *et seq.*

21.    Plaintiff furnished labor and materials in carrying out work provided for in a contract for which a bond was furnished pursuant to 40 U.S.C. § 3131 and was not paid in full within 90 days after the day on which Plaintiff did or performed the last of the labor or furnished or supplied the material for which this claim is made.

22.    Plaintiff is an intended beneficiary and proper claimant under the bond.

23. Plaintiff has made proper demand in writing for the sum claimed herein and has fulfilled all conditions of the bond and the Miller Act necessary to recover thereunder.

24. The Defendants have failed to make prompt payment to Plaintiff in violation of the payment obligations of the bond and applicable law.

25. In addition, upon receipt of Plaintiff's claim, General Contractor and Surety have failed to make reasonable investigation and pay the amount owed within the time prescribed.

26. Accordingly, Plaintiff is entitled to judgment against General Contractor and Surety, jointly and severally, in the amount of all sums justly due, including but not limited to $70,829.90, plus interest thereon pursuant to the subcontract and/or applicable law, including S.C. Code § 34-31-20, attorney's fees and costs as provided by law.

27. Plaintiff also asserts a claim for prejudgment interest under S.C. Code § 34-31-20 because its claim is for a liquidated sum.

## FOR A SECOND CAUSE OF ACTION
### (Quantum Meruit)

28. Plaintiff repeats the allegations above to the extent required by, but not inconsistent with, the following.

29. At the specific instance and request of Defendants, Plaintiff furnished materials, labor and/or equipment to the Project.

30. Defendants knew Plaintiff expected to be paid for the materials, labor and/or equipment provided.

31. Defendants received and accepted the benefit of the materials, labor and/or equipment Plaintiff furnished and incorporated those items into its work and have enjoyed and continue to enjoy the benefit Plaintiff conferred because the materials Plaintiff furnished advanced the project, allowed the General Contractor to apply for and received more money from the

Government, and reduced the exposure the General Contractor and Surety have under the statutory performance bond they provided the Owner for the Project.

32.     Despite having received these benefits, the Defendants have not paid Plaintiff for the full value of the work materials, labor and/or equipment provided by Plaintiff.

33.     It would be inequitable for the Defendants to accept, use and enjoy the benefit of Plaintiff's materials, labor and/or equipment without paying the reasonable value thereof.

34.     The reasonable value of the materials, labor and/or equipment provided for which Plaintiff has not been paid is $70,829.90.

35.      Accordingly, Plaintiff is entitled to judgment against Subcontractor in the amount of $70,829.90, plus interest thereon, attorney's fees and costs.

### FOR A THIRD CAUSE OF ACTION
**(S.C. Code Ann. § 27-1-15)**

36.     Plaintiff repeats the allegations above to the extent required by, but not inconsistent with, the following.

37.     Plaintiff has made a due and just demand for payment on all Defendants pursuant to S.C. Code Ann. § 27-1-15.

38.     Defendants have not made a fair and reasonable investigation of the merits of Plaintiff's claim and have unreasonably refused to pay the claim, or proper portion of it.

39.     Plaintiff is entitled to an award against all Defendants for reasonable attorney's fees and interest at the rate applicable to judgments from the date of the demand based on the Defendants' failure to discharge their statutory obligations.

### FOR A FOURTH CAUSE OF ACTION
**(S.C. Code Ann. § 29-6-50)**

40.     Plaintiff repeats the allegations above to the extent required by, but not inconsistent

with, the following.

41.    Plaintiff would show payments have has been delayed by more than the time prescribed by statute and, therefore, Plaintiff is entitled to judgment against the Defendants for interest on the sums due at the rate of 1% per month as provided by S.C. Code Ann. § 29-5-50.

## FOR A FIFTH CAUSE OF ACTION
### (S.C. Code Ann. § 29-7-10)

42.    Plaintiff repeats the allegations above to the extent required by, but not inconsistent with, the following.

43.    Plaintiff was a subcontractor that furnished labor, materials and/or equipment for the construction of the Project.

44.    Plaintiff has not been paid in full for the labor, materials and/or equipment it furnished for the Project.

45.    Plaintiff therefore asserts a statutory first lien on the money received by either of the Defendants for the construction of the Project in the amount of at least $70,829.90 pursuant to S.C. Code § 29-7-10.

46.    Plaintiff further asserts that any transfer or disbursement of funds received in connection with this Project is made at the risk of the Defendants and their respective officers, employees, and representatives.

47.    Plaintiff is therefore entitled to an order enforcing its first lien on all contract proceeds in connection with the Project, as well as an award of damages Plaintiff incurs as a result of the violation of the Plaintiff's rights under its first lien.

## FOR A SIXTH CAUSE OF ACTION
### (Constructive Trust)

48.    Plaintiff repeats the allegations above to the extent required by, but not inconsistent

with, the following.

49.     Plaintiff is informed and believes one or more of the Defendants is withholding sums which it has received from the Government which were paid on account of labor, materials and/or equipment furnished by Plaintiff for the construction of the Project.

50.     Plaintiff would show that sums which the Defendants are holding and which were paid by the Government account of labor, materials and/or equipment furnished by Plaintiff shall be held in a constructive trust for the benefit of Plaintiff.

51.     Plaintiff is therefore entitled to an Order of this Court imposing a constructive trust on such sums, or the appropriate portion of them, and directing payment of such sums, or the appropriate portion of them, directly to Plaintiff toward satisfaction of the amount Plaintiff is owed.

## FOR A SEVENTH CAUSE OF ACTION
### (Conversion)

52.     Plaintiff repeats the allegations above to the extent required by, but not inconsistent with, the following.

53.     The Plaintiff would show that the General Contractor's withholding of funds which it was paid by the Government for work the Plaintiff performed is wrongful and constitutes conversion of those funds for the General Contractor's own use and benefit recklessly, willfully and in complete disregard for the Plaintiff's rights under the Prompt Pay Act and other applicable statutory law.

54.     Plaintiff would therefore show it is entitled to judgment against the General Contractor for actual damages in the amount of the sum converted, as well as punitive damages, attorney's fees and costs based upon the General Contractor's reckless, wanton, and willful conduct.

**WHEREFORE**, Plaintiff demands a trial by jury and prays for judgment against the Defendants, jointly and severally, in the amount of $70,829.90, plus prejudgment interest thereon; for the Court to enforce the Plaintiff's first lien on all contract proceeds in favor of Plaintiff pursuant to S.C. Code § 29-7-20; for an award of attorney's fees and interest pursuant to S.C. Code § 27-1-15; for prejudgment interest as provided by S.C. Code § 29-6-50 or, alternatively, 34-31-20; and for an award of punitive damages, attorney's fees and costs.

**BRUNER POWELL WALL & MULLINS, LLC**

*/s/  Benjamin C. Bruner*
Benjamin C. Bruner, Fed. ID No. 10625
Post Office Box 61110
Columbia, South Carolina 29260
(803) 252-7693
bbruner@brunerpowell.com
*Attorney for the Plaintiff*

March 6, 2025
Columbia, South Carolina